FILED: October 2, 2018
AMENDED: November 27, 2018 *

**<u>PUBLISHED</u>**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-1173 (L)
(LRH-2015-592-GBR)

SIERRA CLUB; WEST VIRGINIA RIVERS COALITION; INDIAN CREEK
WATERSHED ASSOCIATION; APPALACHIAN VOICES; CHESAPEAKE
CLIMATE ACTION NETWORK

             Petitioners

v.

UNITED STATES ARMY CORPS OF ENGINEERS; MARK T. ESPER, in his
official capacity as Secretary of the U.S. Army; TODD T. SEMONITE, in his official
capacity as U.S. Army Chief of Engineers and commanding General of the U.S.
Army Corps of Engineers; PHILIP M. SECRIST, in his official capacity as District
Commander of the U.S. Army Corps of Engineers, Huntington District; MICHAEL
E. HATTEN, in his official capacity as Chief, Regulatory Branch, U.S. Army Corps
of Engineers, Huntington District

             Respondents

MOUNTAIN VALLEY PIPELINE, LLC

             Intervenor

---

\* The United States Army Corps of Engineers File Number is changed from LRH-
2015-582-GBR to LRH-2015-592-GBR.

O R D E R

PER CURIAM:

Petitioners ask this Court to set aside Respondent U.S. Army Corps of Engineers'
(the "Corps") December 22, 2017, verification and July 3, 2018, reinstated verification that
construction of the Mountain Valley Pipeline (the "Pipeline") can proceed under the terms
and conditions of Clean Water Act Nationwide Permit 12 ("NWP 12"), rather than an
individual permit. Among other arguments, Petitioners assert that, in issuing its
verification, the Corps improperly imposed one condition—requiring use of a "dry cut"
method for constructing four river crossings—"in lieu of" a special condition imposed by
the State of West Virginia, J.A. 232—that "[i]ndividual stream crossings must be
completed in a continuous, progressive manner within 72 hours," J.A. 43—as part of its
certification of NWP 12. Construction of each of the four river crossings using the "dry
cut" method is expected to take four-to-six weeks to complete.

Exercising jurisdiction pursuant to 15 U.S.C. § 717r(d)(1), we conclude, for reasons
to be more fully explained in a forthcoming opinion, that the Corps lacked authority to
substitute the "dry cut" requirement "in lieu of" West Virginia's 72-hour temporal
restriction. Accordingly, we VACATE, in its entirety, the Corps' verification of the
Pipeline's compliance with NWP 12. *See* 5 U.S.C. § 706(2); 33 C.F.R. § 330.6(d)
(explaining that if any part of a project requires an individual permit, then "the NWP does
not apply and all portions of the project must be evaluated as part of the individual permit

2

process."). We reserve judgment on the parties' remaining arguments until our forthcoming opinion.

FOR THE COURT

/s/ Patricia S. Connor
Clerk